UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL TROFATTER,

                Plaintiff,                Case No. 1:09-cv-33

v.                                             Honorable Gordon J. Quist

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

                Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed because Defendants are immune and Plaintiff fails to state a claim.

**Discussion**

I.  Factual allegations

Plaintiff is incarcerated in the Bellamy Creek Correctional Facility. In his *pro se* complaint, he sues the Michigan Department of Corrections (MDOC), Ingham County Probation Officer Emma Russell and Ingham County Probation Officer Supervisor Eugene Moyer.

Plaintiff pleaded guilty to felony possession of a firearm, MICH. COMP. LAWS § 750.224f; felony discharge of a firearm, MICH. COMP. LAWS § 750.234b, and to being a third habitual offender, MICH. COMP. LAWS § 769.11. On January 8, 2001, he was sentenced to a term of incarceration of one year and a term of probation of five years. While he was on probation, Plaintiff was charged with operating a motor vehicle while intoxicated (OWI), which resulted in probation violation charges. As a result of the criminal charge, Defendant Russell sought an "ex parte" modified order of probation, which was issued by the Ingham County Circuit Court on September 22, 2005. At Plaintiff's next meeting with Russell, Russell informed Plaintiff that he was required to provide personal breath tests (PBTs), seek employment and continue to pay restitution. Plaintiff contends, however, that Russell failed to mention or provide him with a copy of the amended order of probation. In December 2005, Russell brought probation violation charges against Plaintiff for failure to provide PBTs. A hearing on the probation violation charges was held in the Ingham County Circuit Court on January 18, 2006. Plaintiff contends that because his court-appointed attorney was not prepared for the hearing, he agreed to plead guilty to violating his probation. The trial court sentenced him on January 25, 2006, to concurrent prison terms of three to ten years for the felony possession of a firearm conviction and three to eight years for the felony discharge of a firearm conviction. The criminal OWI charge was dismissed.

The Michigan Court of Appeals denied Plaintiff's application to filed a delayed appeal on November 2, 2006. Plaintiff did not seek leave to appeal in the Michigan Supreme Court. In May 2007, Plaintiff then filed a MICH. CT. R. 6.500 motion with the Ingham County Circuit Court. It was denied on June 29, 2007. According to the Michigan Court of Appeals, the circuit court denied Plaintiff's motion because it was a successive motion for relief from judgment. Plaintiff then filed a delayed application for leave to appeal to the Michigan Court of Appeals, which was dismissed for lack of jurisdiction on January 3, 2008. Plaintiff sought leave to appeal to the Michigan Supreme Court, which was denied on January 29, 2008. Plaintiff subsequently filed a habeas corpus action in this Court which remains pending. *See Trofatter v. Berghuis*, 1:08-cv-895 (W.D. Mich.).

Plaintiff claims that Russell's failure to provide him with the amended order of probation violated his due process rights and Michigan Administrative Rules. He essentially argues that because he was not served with the amended order of probation, it could not be the basis of a probation violation charge and subsequent revocation of his probation. Plaintiff further asserts that Defendant Moyer, Russell's Supervisor, failed to properly train, instruct and supervise Russell. For relief, Plaintiff seeks monetary damages against Defendants.

II.     Immunity

A.     **MDOC:  Eleventh Amendment Immunity**

As an initial matter, Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782

(1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the MDOC must be dismissed.

B.   **Probation Officers:  Quasi-Judicial Immunity**

As probation officers, Defendants Russell and Moyer are entitled to immunity to Plaintiff's claims for monetary damages. Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of person consequences to himself"); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity is extended to non-judicial officers who perform "quasi-judicial" duties. Quasi-judicial immunity should be granted to state officials when (1) their positions are akin to that of judges; (2) the potential for vexatious lawsuits is great; and (3) enough safeguards exist to protect the complainant's constitutional rights.

*Purisch v. Tenn. Tech. Univ.*, 76 F.3d 1414, 1421 (6th Cir. 1996); *see also Bush v. Rauch*, 38 F.3d 842 (6th Cir. 1994) (functional approach to quasi-judicial immunity).

The Sixth Circuit repeatedly has held that probation officers are entitled to quasi-judicial immunity. *See Loggins v. Franklin Co.*, 218 F. App'x 466, 476 (6th Cir. 2007); *see also Balas v. Leishman-Donaldson*, No. 91-4073, 1992 WL 217735, at *5 (6th Cir. Sept. 9, 1992) (a probation officer performing duties to ensure a probationer was complying with the terms of probation was entitled to quasi-judicial immunity); *Timson v. Wright*, 532 F.2d 552 (6th Cir. 1976) (holding quasi-judicial immunity shields chief probation officer from liability). Because Defendants Russell and Moyer are immune from claims for monetary damages, the only type of relief sought by Plaintiff, his claims against them must be dismissed.

Even if the named Defendants were not immune, Plaintiff fails to state a claim upon which relief may be granted.

### III.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The standard requires that a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 127 S. Ct. at 1965; *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not accept as true legal conclusions or unwarranted factual inferences). The court must determine

whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *United States ex rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To the extent Plaintiff seeks monetary relief for alleged violations of his constitutional rights, his claims are appropriate under § 1983. However, claims which challenge the revocation of probation are not cognizable under § 1983 until the revocation "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). The principles espoused in *Heck* have been applied to § 1983 actions calling into question the validity of parole or probation revocation proceedings. *See Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (per curiam); *Cobb v. Florida*, 293 F. App'x 708 (11th Cir. 2008); *Baskett v. Papini*, 245 F. App'x 677 (9th Cir. Aug. 21, 2007); *Lovett v. Kinkela*, No. 98-3894, 1999 WL 644323, at *1 (6th Cir. Aug. 16, 1999); *Corsetti v. McGinnis*, No. 95-2061, 1996 WL 543684, at *1 (6th Cir. Sept. 24, 1996). Plaintiff has not demonstrated the invalidity of

his probation revocation by either a state or federal habeas corpus decision.[1]  Therefore, Plaintiff fails to present a cognizable federal claim.

A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted.  *See Morris v. Cason*, No. 02-2460, 2004 WL 1326066 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, No. 03-1411, 2003 WL 22976618 (6th Cir. Dec. 8, 2003) (same); *Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (*Heck*-barred claim fails to state a claim and is frivolous).

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), because Defendants are immune and Plaintiff fails to state a claim.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

---

[1] As previously discussed, Plaintiff filed an application for habeas corpus relief concerning the same issues raised in this complaint.  *See Trofatter v. Berghuis*, 1:08-cv-895 (W.D. Mich.).  His habeas corpus action remains pending before the Court.

Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).

If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: February 20, 2009                              /s/ Gordon J. Quist
                                                   GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE